**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
Western Division**

| | |
|---|---|
| FINANCIAL STRATEGY GROUP, PLC, ) | |
| ) | No. _____ |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CONTINENTAL CASUALTY CO., ) | |
| ) | |
| Defendant. ) | |

**NOTICE OF REMOVAL OF CIVIL ACTION**

COMES NOW Defendant Continental Casualty Company ("Continental"), by and through its undersigned attorneys, gives notice of removal of this action from the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis to the United States District Court for the Western District of Tennessee, Western Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Continental states the following:

1. On or about January 31, 2014, Plaintiff filed this civil action in Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis to the United States District Court for the Western District of Tennessee captioned *Financial Strategy Group, PLC v. Continental Casualty Co.,* No. CH-14-0164-1.

2. Pursuant to 28 U.S.C. § 1446(a), Continental represents that apart from the complaint ("Complaint" or "Compl.") and summons attached hereto as Exhibit 1, it has received no other process, pleadings, motions or orders in this action.

3. The Complaint alleges that defendant issued an insurance policy, under which plaintiff is insured. *See* Compl. at ¶ 6. Plaintiff seeks a declaratory judgment that Continental

1

has a duty to defend and indemnify it in connection with two lawsuits brought against it and others, money damages for defense costs paid by plaintiff to date, and damages for alleged breach of implied covenant of good faith and fair dealing.  *See* Compl. at ¶¶ 13-15.

4. Plaintiff served the Complaint and summons on Continental through the State of Tennessee Department of Commerce and Insurance on February 5, 2014.  This Notice of Removal therefore is filed within the 30-day period prescribed by 28 U.S.C. § 1446(b).

5. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in state court to the federal district court for the district and division where such civil action is pending if that federal district court has original jurisdiction of the matter.

6. The district courts of the United States have original jurisdiction of this action pursuant to 28 U.S.C. § 1332.  Specifically, as averred in the Complaint, plaintiff is a citizen of the State of Tennessee.  *See* Compl. at ¶¶ 1.  Continental is a corporation organized under the laws of Illinois with its principal place of business in Illinois.  Thus, there is complete diversity of citizenship between the parties.  *See* 28 U.S.C. § 1332(a)(1) and (c)(1).  Moreover, plaintiff seeks to recover damages in excess of $250,000.  *See* Compl. at Prayer for Relief.  The amount in controversy therefore exceeds the sum of $75,000, exclusive of interests and costs.

7. Additionally, removal to the United States District Court for the Western District of Tennessee, Western Division, is proper because plaintiffs originally filed the action in the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis, which is located in the Western District of Tennessee, Western Division.  *See* 28 U.S.C. § 1441(a); LR 3.3.

8.	Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal contemporaneously is being served on this parties to this action and filed with the Clerk of the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis.

9.	By this Notice of Removal, Continental does not waive any defenses or rights that may be available in this action.

WHEREFORE, Defendant Continental Casualty Company, pursuant to 28 U.S.C. § 1441 and in conformance with the requirements set forth in 28 U.S.C. § 1446 and the Rules of the United States District Court for the Western District of Tennessee, removes this action from the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis, to this Court, on this 5th day of March, 2014.

Respectfully submitted,

Dated: March 5, 2014

/s/ Richard Glassman

| | |
|---|---|
| Richard A. Simpson* | Richard Glassman (TN Bar No. 7815) |
| Mary E. Borja* | William Terrell (TN Bar No. 32478) |
| Wiley Rein LLP | Glassman Wyatt Tuttle & Cox P.C |
| 1776 K Street, N.W. | 26 N. Second St. |
| Washington, D.C. 20006 | Memphis, TN 38103 |
| Telephone: (202) 719-7000 | Telephone: (901) 527-2111 |
| Facsimile: (202) 719-7049 | Facsimile: (901) 521-0940 |
| E-mail: rsimpson@wileyrein.com | Email: rglassman@gewwlaw.com |
| E-mail: mborja@wileyrein.com | Email: wterrell@gewwlaw.com |

*Of Counsel*

*Counsel for Defendant*
*Continental Casualty Company*

*Motions for Pro Hac Vice filed contemporaneous with Notice of Removal.

## **CERTIFICATE OF SERVICE**

I certify that on March 5, 2014, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> Charles W. Hill, Esq.
> Glankler Brown PLLC
> 6000 Poplar Avenue, Suite 499
> Memphis, TN 38119
> *Counsel for Plaintiff*

/s/ William Terrell